IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 23, 2008 Session


**STATE OF TENNESSEE v. MARK ANTHONY FOULK**


**Appeal from the Circuit Court for Sullivan County**
**No. S50,580     R. Jerry Beck, Judge**

---

**No. E2007-00944-CCA-R3-CD - Filed January 8, 2009**

---


D. KELLY THOMAS, JR., J., dissenting.


The defendant urges this court to reverse his conviction for aggravated robbery based upon his argument that the proof is insufficient to support the element that the robbery was either accomplished with a deadly weapon or by the display of something the victim might have reasonably believed to be a deadly weapon. After analyzing the defendant's actions in isolation before and after disarming the victim, the majority concludes that the evidence is insufficient to support this element of aggravated robbery and modifies the conviction to robbery. For the following reasons, I respectfully dissent from this conclusion.

The facts of this case show that the defendant broke into the eighty-three-year-old victim's residence at approximately three o'clock in the morning. Much to the defendant's surprise, he was met by the victim who was armed with a .22 caliber pistol. A struggle ensued during which both the defendant and the victim received minor injuries. Ultimately, the defendant was able to disarm the victim. The victim testified regarding her fear that the defendant would either choke or pistol-whip her with her weapon. Based upon this fear, the victim gave the defendant her purse and he fled the scene, only to be apprehended minutes later for driving under the influence.

This court has placed reliance on the victim's perceived fear of a deadly weapon even in situations where the proof shows that a weapon was not, in fact, involved in the offense. See, e.g., State v. Michael V. Morris, M2006-02738-CCA-R3-CD, 2008 WL 544567 (Tenn. Crim. App. Feb. 25, 2008) (hand in pocket and threat to harm constitute sufficient proof to support aggravated robbery conviction), app. denied (Tenn. Aug. 25, 2008); State v. Monoleto D. Green, M2003-02774-CCA-R3-CD, 2005 WL 1046800 (Tenn. Crim. App. May 5, 2005) (victim's perception that defendant armed based upon his statement that he had a gun and threat to use it sufficient to support aggravated robbery); State v. Michael Watts, No. 01C01-9205-CR00173, 1994 WL 3389 (Tenn. Crim. App. Jan. 16, 1994) (toy gun used to accomplish aggravated robbery), app. denied (Tenn. June

27, 1994). Therefore, our court has concluded that there is sufficient evidence to support an aggravated robbery conviction with evidence that, in my opinion, is weaker than that presented in this case. It is indisputable in this case that the defendant forcibly disarmed the elderly, albeit tenacious, victim; wrestled the victim to the ground while he kept the weapon in his possession; demanded her pocketbook; and fled the scene still armed with the victim's pistol. The victim testified regarding her continued fear that the defendant would harm her with the weapon if she did not comply with his demand for her pocketbook. Therefore, I am simply unable to conclude that the robbery in this case was not accomplished with the use of a deadly weapon.

For these reasons, I respectfully dissent from the majority opinion and would affirm the defendant's conviction for aggravated robbery.

_____

D. KELLY THOMAS, JR., JUDGE